J-S32023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :                    PENNSYLVANIA
                                                 :
               v.                                :
                                                 :
RASHAAN LONDALE GREER           :
                                                 :
              Appellant        :      No. 386 MDA 2022

Appeal from the PCRA Order Entered January 21, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005885-2010

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED: OCTOBER 20, 2022**

Appellant, Rashaan Londale Greer, appeals from the post-conviction court's January 21, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order and remand for further proceedings.

We need not reproduce the facts of Appellant's underlying convictions for purposes of his present appeal. We only note that in July of 2011, a jury convicted him of first-degree murder and carrying a firearm without a license. He was sentenced on August 24, 2011, to a term of life imprisonment, without the possibility of parole, for his murder conviction, and a consecutive term of 3½ to 7 years' imprisonment for his firearm crime. Appellant filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for permission to appeal. ***See***

*Commonwealth v. Greer*, 55 A.3d 149 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1244 (Pa. 2013).

Appellant filed a timely, *pro se* PCRA petition on July 3, 2013. Counsel was not appointed to represent Appellant until August of 2017. Thereafter, that attorney — Lori Yost, Esq. — filed several amended petitions on Appellant's behalf. On February 21, 2020, Attorney Yost withdrew her appearance, and Anthony J. Tambourino, Esq., entered his appearance on Appellant's behalf. On February 3, 2021, Attorney Tambourino filed another amended PCRA petition. A hearing was conducted on June 21, 2021. On January 21, 2022, the court issued an order and opinion denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court thereafter issued an order indicating that it was relying on the rationale in its January 21, 2022 opinion in support of its decision to deny Appellant's petition. On appeal, Appellant states four issues for our review:

> 1. Trial counsel was ineffective for failing [to] investigate and present character witnesses at trial.
>
> 2. Trial counsel was ineffective when he failed to determine and use at trial the complete relevant criminal record for Commonwealth eyewitness, Wanda Clark, through the discovery process or independent investigation. The complete rap sheet for

Wanda Clark was **Brady**[1] material, was withheld by the prosecution, and relevant to her credibility.

3. Trial counsel was ineffective for failing to request a voluntary manslaughter instruction when the evidence supported such an instruction.

4. Trial counsel was ineffective for failing to present a defense of imperfect self-defense at trial when the evidence supported such a defense, and further evidence could have been developed at trial to effectively support such a defense and a voluntary manslaughter instruction.

Appellant's Brief at 4.

Before we review Appellant's claims, we must address an application for remand filed by Attorney Tambourino on April 21, 2022, which this Court deferred to the present panel for disposition. In that application, Attorney Tambourino states that he received a letter from Appellant on April 18, 2022, requesting that counsel file a petition for remand under our Supreme Court's recent decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), so that Appellant can allege "additional issues of ineffective assistance of … [trial] counsel, and ineffective assistance against PCRA counsel." Application for Remand, 4/21/22, at 3 ¶ 12. Specifically, Appellant seeks to argue that Attorney Tambourino was ineffective for not pursuing seven additional ineffectiveness claims regarding his trial counsel. **See id.** at 4-5. Appellant also wishes to claim that Attorney Tambourino was ineffective for "failing to present competent evidence at the PCRA hearing proving that trial counsel easily could have obtained [eyewitness] Wanda Clark's complete criminal

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

record[,]" and for "failing to investigate and present character witnesses at the PCRA evidentiary hearing who were competent to testify to [Appellant's] reputation for law-abidingness and peacefulness at the relevant time period of the crime." *Id.* at 6. Attorney Tambourino concludes that, "[u]nder the circumstances, … remand is necessary so that the PCRA [c]ourt may conduct a hearing to determine whether Appellant should be appointed new PCRA counsel for his PCRA appeal." *Id.*

We agree with Attorney Tambourino. In *Bradley*, the Pennsylvania Supreme Court expanded the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of PCRA counsel [wa]s by filing … a response to the PCRA court's Rule 907 dismissal notice." *Bradley*, 261 A.3d at 386. The *Bradley* Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and ***after obtaining new counsel or acting pro se***, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (emphasis added). Here, Appellant is seeking to raise ineffectiveness claims against his present counsel, Attorney Tambourino. He has not been appointed new counsel, and he is not proceeding *pro se*. Thus, we agree with Attorney Tambourino that we must remand for the PCRA court to appoint Appellant new counsel who can assist him in raising his PCRA-counsel ineffectiveness claims on appeal.

Moreover, the *Bradley* Court advised that,

the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness…; however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Id.* at 402.

In this case, Appellant has presented more than mere boilerplate allegations of Attorney Tambourino's ineffectiveness. We conclude that it is therefore appropriate for the PCRA court to develop the record regarding these issues and consider them in the first instance. Accordingly, we vacate the PCRA court's order denying Appellant's petition and remand for further proceedings.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2022

- 5 -